FILED

SEP 2 0 2021

CLERK's
WESTERN DISTRICT COURT
BY DISTRICT OF TEXAS
DEPUTY CLERK

United States District Court for the Western District of Texas

| | |
|---|---|
| TRAVIS MAYFIELD, et al., | § CIVIL ACTION NO.: |
| Plaintiff,    Pro Se | § |
| | § 6:21CV00977 |
| v. | § |
| | § |
| HILLS BANK and TRUST COMPANY | § JURY DEMAND |
| Defendant, | § |

---

## PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND

---

**TO THE HONORABLE United States District Court Judge:**

NOW COMES Plaintiff Travis Rogan Mayfield (hereinafter referred to as the "Plaintiff") in the above-referenced cause, complaining of and about HILLS BANK AND TRUST COMPANY (hereinafter referred to as the "Defendant") and for cause of action files this, his Plaintiff's Original Complaint with Jury Demand, showing to the Court the following:

### I.    INTRODUCTION

1.    This action is filed to compensate the Plaintiff (Travis Rogan Mayfield) for Wrongdoings committed against him, at the hands of the Defendant (HILLS BANK AND TRUST COMPANY) for **FAILING TO DISCLOSE RESIDENCY REQUIREMENTS ON APPLICATION, FAILURE TO DISCLOSE important information that VIOLATED FEDERAL LAWS and in committing these violations, the Defendant also caused direct 'Financial Injury' to the Plaintiff when they did a hard inquiry knowing the plaintiff would never be approved or was eligible for the checking/savings account. The deceptiveness behind the offer for the 50/50 checking/savings account was misleading to the plaintiff after there was no disclosure on residency requirements. Overall, the process was completely**

1

flawed, errored, incorrect, and violated federal laws. **Defendant's own banking officials**

**admitted their guilt through statements made through email correspondence and could not**

**account for where the disclosure was about residency requirements.** (as shown through

substantial Evidence in the forms of EXHIBITS 1 through EXHIBIT 8 with description/caption to

clarify the material) and they tried to cover up their Wrongdoing (EXHIBIT 2)

2.      The Defendant's DECEPTIVE and UNFAIR Practices (formal definitions

presented later in this Complaint) are blatantly ILLEGAL and UNLAWFUL and lead to direct

harm in the form of 'Financial Injury' to the Plaintiff as presented through facts/evidence/ and

witness statements and testimony. **The Defendant has the legal requirement to make all**

**disclosures about applications and their processes. There is no reason not to have a disclosure**

**which would have prevented any issues from happening. Hills Bank and Trust Company's**

**deceptive and unfair banking practices were violations of federal law.**

3.      **Hills Bank and Trust Company was misleading in its advertising. It**

**misrepresented the deposit contract when it failed to disclose residency requirements and**

**still proceeded with the application knowing the plaintiff was ineligible because he lived out**

**of state. Disclosure would have prevented wrongdoing and financial injury as mentioned**

**later.** The Plaintiff is in the process of seeking further Exhaustion of administrative remedies

(appropriate Authoritative Intervention: Law Enforcement Agencies/ Federal oversight and

Examiners/ case referrals, further review in determining the of best course of action) in this

ongoing legal matter which will further prove that Defendant is entirely at fault for their **UNFAIR**

**and DECEPTIVE Practices which lead to 'financial injury' to the Plaintiff.   Failing to**

**disclose important information and still proceeding with an application knowing it would**

**not be approved is against federal law. Misrepresentation of deposit accounts was done when**

Defendant failed to provide a disclosure and still proceeded with application. Financial agreements were broken. Defendant (Hills Bank And Trust Company) could not answer for where the disclosure about residency requirements was. Their own officials instead said we will refer it to our "Operations Department". IOWA DIVISION OF BANKING, FDIC, Consumer Financial Protection Bureau, Federal Trade Commission were notified. **EXHIBIT 2-BRAD HART IOWA DIVISION OF BANKING EMAILS, EXHIBIT 1-CFPB formal Complaint), EXHIBIT 1 ALSO HAS A COVERSHEET FOR JURY TO FOLLOW REST OF THE EXHIBITS**

4.       The Plaintiff has filed their complaints and concerns in a timely manner with appropriate resources prior to seeking the courts to intervene. Banks CANNOT operate this way and when they do, this causes severe and unnecessary harm to individuals and warrants further investigation to legally address the issues that have arisen. **All disclosures must be made regarding application processes/ requirement, so violations of federal law do not occur like this.**

5.       During these very uncertain times with the Coronavirus (COVID-19) disease being a problematic issue in our communities, this is all the more reason and makes it that much more important for Banks to operate correctly and legally, and to really ensure the Consumer has a completely fair level of transparency in their decisions to seek financial services or products. Individuals cannot afford to be treated this badly and unlawfully by a BANKING INSTITUTION.


6.       The federal violations were committed. The Defendant caused direct 'Financial Injury' to the Plaintiff as a result of **FAILING TO DISCLOSE RESIDENCY REQUIREMENTS ON APPLICATION, FAILURE TO DISCLOSE important information**

that **VIOLATED FEDERAL LAWS and in committing this violation, the Defendant also caused direct 'Financial Injury' to the Plaintiff when they did a hard inquiry knowing the plaintiff would never be approved or was eligible for the checking account. The deceptiveness behind the offer was misleading to the plaintiff after there was no disclosure on residency requirements. Overall, the process was completely flawed, errored, incorrect, and violated federal law. Defendant's own banking officials admitted their guilt through statements made through email correspondence and could account for where the disclosure was. It doesn't take a rocket scientist to know that it was Defendant's duty to as a financial institution to disclose all information in the beginning.** The SUBSTANTIAL EVIDENCE the Plaintiff possesses backing this Complaint is irrefutable. The Defendant's FAILURE TO DISCLOSE RESIDENCT REQUIREMENTS, FAILING TO DISCLOSE important and relevant information, and that they were being deceptive and unfair in their advertising for the deposit account because of the lack of a disclosure on residency requirements, **which is against federal law, is why this Complaint is being brought against them, by the Plaintiff.**

## II. PARTIES

7.      Plaintiff, Mr. Travis Rogan Mayfield, is an individual residing Belton, Bell County, Texas. Plaintiff is a citizen of the United States and the State of Texas. Address 201 Rabern Court Apt. #2226 Belton, TX, zip code 76513.


8.      Defendant, HILLS BANK AND TRUST COMPANY is a Locally owned, STATE-chartered BANK/ Financial Institution Member FDIC 'engaging in COMMERCE' serving

4

residents of the State of IOWA; Defendant will be served with process by serving its headquarters at , Hills Bank and Trust Company , 131 Main St Hills, Iowa 52235.

## III.    JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S. Code § 1331, as Plaintiff's causes of action arise under Federal statutes: **Violation of** UDAP Section 5(No Subsection–Unfair) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45), Violation of UDAP Section 5(No Subsection–Deceptive) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45). **Violation of Sec. 1031** of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES. (12 USC 5531) SEC. 1032 of the Dodd-Frank Act. DISCLOSURES. (12 USC 5532), **violation of Dodd-Frank Act- Sec. 1036.**PROHIBITED ACTS.**; PL 111-203 (July 21, 2010)** (12 USC 5536.)**, violation of the The Truth in Savings Act** (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.3, Violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.4(a) and (b) , violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.8(a)    Defendant (Hills Bank and Trust Company) is a bank established in Hills, Iowa. Plaintiff (Travis Mayfield) is a resident of Belton, Texas.  The bank knew they didn't disclose their residency requirements to out of state residents online seeking to apply for their financial services.

10.    This Court has jurisdiction over the person of the Defendant.

11.    Venue is proper in the United States District Court For the Western District of Texas Waco under 28 U.S. Code § 1391(a), because the case is a civil lawsuit with federal

violations being brought forth in a United States district court between two separate entities in two different states. Plaintiff lives in Texas. Defendant is a financial Institution established in Hills, Iowa. Plaintiff seeks to have this complaint in his place of residency.

12.     Diversity Jurisdiction applies pursuant to 28 U.S. Code § 1332 because of Diversity of Citizenship, as the Plaintiff is from Belton, Texas and the Defendant is from the STATE OF IOWA (Hills, Iowa). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13.     DIVERSITY JURISDICTION applies under Federal Question Jurisdiction, 28 U.S. Code § 1331, as the Plaintiff is from Belton, TEXAS and the Defendant is from Hills, IOWA. The Defendant (Hills Bank and Trust Company), located in Hills, IOWA, was offering a 'checking/ savings account online' and <u>FAILED TO DISCLOSE THAT OUT OF STATE RESIDENTS COULD NOT APPLY</u> FOR THE CHECKING/SAVINGS ACCOUNT TO BE ABLE TO RECEIVE THE PROMOTIONAL OFFER FOR BOTH THE CHECKING ACCOUNT ($50.00 USD deposit bonus) AND THE SAVINGS ACCOUNT ($50.00 USD deposit bonus).

14.     The Plaintiff and the Defendant <u>reside in two separate STATES</u>. The COMPLAINT is relevant to **FEDERAL LAWS regarding Violation of** UDAP Section 5(No Subsection–Unfair) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45), Violation of UDAP Section 5(No Subsection–Deceptive) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45). **Violation of Sec. 1031** of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES. (12 USC 5531)   SEC. 1032 of the Dodd-Frank Act. DISCLOSURES. (12 USC 5532), **violation of Dodd-Frank Act- Sec. 1036.** PROHIBITED ACTS.; **PL 111-203 (July 21, 2010)** (12 USC 5536.), **violation of the The Truth in Savings Act**

(12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.3, Violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.4(a) and (b) , violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.8(a) so it would fall under <u>Federal Question</u> <u>Jurisdiction</u> to evaluate the matters at hand. This Complaint falls under Federal Question Jurisdiction as to properly evaluate the legal material/ content at hand. This Complaint being brought against the Defendant by the Plaintiff, states that FEDERAL LAWS WERE VIOLATED in the form of violations by the Defendant as they clearly admitted to their WRONGDOING in (**EXHIBIT 2: EMAIL CORRESPONDANCE BETWEEN DEFENDANT AND PLAINTIFF**).

15.     The COMPLAINT being brought against the Defendant by the Plaintiff, states that FEDERAL LAWS WERE VIOLATED based on **Violation of** UDAP Section 5(No Subsection–Unfair) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45), Violation of UDAP Section 5(No Subsection–Deceptive) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45). **Violation of Sec. 1031** of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES. (12 USC 5531)   SEC. 1032 of the Dodd-Frank Act. DISCLOSURES. (12 USC 5532), **violation of Dodd-Frank Act- Sec. 1036.**PROHIBITED ACTS.; **PL 111-203 (July 21, 2010)** (12 USC 5536.), **violation of the The Truth in Savings Act** (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.3, Violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.4(a) and (b) , violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.8(a) Defendant as they clearly admitted to their

WRONGDOING in **(EXHIBIT #2: EMAIL CORRESPONDANCE BETWEEN DEFENDANT AND PLAINTIFF. FAILED TO COMPLY AND SHOW WHERE DISCLOSURE WAS).** The Plaintiff will present the EVIDENCE OF FINANCIAL INJURY in the form of Credit Karma/ Equifax Credit Report(s) **(EXHIBIT 6: PROOF OF FINANCIAL INJURY TO PLAINTIFF-HURT THEIR CREDIT REPORT)** that reflect the negative actions that occurred as a result of the Defendant's UNFAIR and DECEPTIVE/ misleading advertising Practices because of the failure to provide a disclosure about residency requirements. The application should have never been processed knowing the person was ineligible and there were no disclosures to prevent that person from even attempting to apply for the checking account. The Plaintiff is seeking damages and relief as stated further on in the complaint.

16.    The Defendant, for all times mentioned herein, is a resident of Hills, Iowa. This legal matter is applicable under Federal Question Jurisdiction, 28 U.S. Code § 1331, because the COMPLAINT is pursuant to FEDERAL LAWS, **Violation of** UDAP Section 5(No Subsection– Unfair) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45), Violation of UDAP Section 5(No Subsection–Deceptive) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45). **Violation of Sec. 1031** of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES. (12 USC 5531)    SEC. 1032 of the Dodd-Frank Act. DISCLOSURES. (12 USC 5532), **violation of Dodd-Frank Act- Sec. 1036.**PROHIBITED ACTS.; **PL 111-203 (July 21, 2010)** (12 USC 5536.), **violation of the The Truth in Savings Act** (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.3, Violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R.

§ 1030.4(a) and (b) , violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.8(a)

17.    The Plaintiff will present the Substantial EVIDENCE OF FINANCIAL INJURY CAUSED by the Defendant in **the form of tangible/ photographic Exhibits (snapshots of the Defendant's Website (EXHIBIT 3) / checking/savings application process (EXHIBIT 4) /** formal statements made by First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 **Michelle Zaruba,** in the form of **E-mail correspondence** with that individual, a higher-level representative of HILLS BANK AND TRUST COMPANY **(EXHIBIT 2)/ Credit Karma/Equifax Credit Reports-financial injury (EXHIBIT 6)** that reflect a greater preponderance of evidence in favor of the Plaintiff and demonstrate that the actions of the Defendant, by them FAILING TO DISCLOSE and NOT DISCLOSING important and relevant information on their Website demonstrated UNFAIR and DECEPTIVE Practices, misleading advertising, and also directly lead to 'financial injury' to the Plaintiff. The Plaintiff will also show in (Exhibit 5) confirmation of Financial agreements signed, still no disclosures about residency requirements. Contracts were broken by defendant because they failed to disclose their requirements. Proper Banking procedures by federal law will be shown in Exhibit 7. Exhibit 8 and Exhibit 1 shows that plaintiff had to reach out and not wait on authorities to get back to them. Exhibit 2 also shows that besides correspondence between plaintiff and defendant, plaintiff also sought assistance from federal and state agencies, and is currently working with IOWA DIVISION OF BANKING. There is correspondence between Brad Hart of this division and plaintiff. The formal complaint with evidence was formally submitted to the Iowa Division of Banking as well as the Consumer Financial Protection Bureau with their complaint.

9

18.     This <u>substantial evidence is irrefutable</u> and indicates entirely that a WRONGDOING occurred to the Plaintiff by the actions of the Defendant, and <u>the Defendant admitted their guilt through formal statements</u>. The First Vice President threw her operations department under the bus and didn't comply showing where the disclosure about residency requirements was. Hills Bank and Trust Company never complied in showing where the disclosure about residency requirements was.

(A) Excerpt from Defendant's formal statement **(EXHIBIT 2)** admitting their guilt of WRONGDOING against the Plaintiff:

**"Travis,**

**Thank you for your interest in Hills Bank. I have forwarded your concerns on to our operations team. At this time, we will continue to offer accounts and loans within our local trade area. We are a regional bank within a 3 county radius.**

**I have confirmed that we will be able to change your credit pull to a 'soft pull'. It can take up to 30 days for this change to show with Equifax.**

**If you have any further questions, please reach out to me directly. My contact information is below.**

**Thank you,"**

Michelle Zaruba

First Vice President,

Branch Manager / Digital Banking Manager

## IV.    DEFINITIONS

19.    **Bank** – an establishment for the custody, loan, exchange, or issue of money, for the extension of credit, and for facilitating the transmission of funds; (Sourced www.merriam-webster.com/dictionary/bank)

20.    **Hard inquiry or "hard pull"** – occurs when you apply for a new line of credit, such as a credit card or loan. It means that a creditor has requested to look at your credit file to determine how much risk you pose as a borrower. Hard inquiries show up on your credit report and can affect your credit score. (Sourced www.experian.com > blogs)

21.    **Soft inquiry, or Soft Pull** – the term used to describe a credit report check that does not impact the borrower's credit score. Also known as a "soft inquiry." (Sourced www.creditcards.com)

22.    **(UDAP)** or Unfair or Deceptive Acts or Practices / and also as **(UDAAP)** 'Unfair, Deceptive, or Abusive Acts or Practices'.

23. **Disclosures-** the act or an instance of disclosing (Merriam Webster)

24. **Deposit Account-** a bank account in which people keep money that they want to save : savings account (Merriam Webster)

25. **False Advertising-** the crime or tort of publishing, broadcasting, or otherwise publicly distributing an advertisement that contains an untrue, misleading, or deceptive representation or statement which was made knowingly or recklessly and with the intent to promote the sale of property, goods, or services to the public (Merriam Webster)

26. **Deceptive-** tending or having power to cause someone to accept as true or valid what is false or invalid : tending or having power to deceive (Merriam Webster)

27. **Unfair-** not equitable in business dealings (Merriam Webster)

## V.      FACTS OF THE CASE

28.      **Defendant (Hills Bank and Trust Company) strictly caters to residents or future residents of Iowa. (The Plaintiff-Travis Rogan Mayfield) is a resident of Belton, Texas. There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not disclosed. NO disclosure, disclaimer, or notice was made indicating of this in any way shape or form. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account. The advertising was very misleading because there was no disclosure about residency requirements.**

29.      **Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website. The Banker Marissa Durgin** Digital

12

Banker NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking account deal by Failing TO DISCLOSE that Out of State residents were NOT eligible and STILL PROCEEDED with the Hard inquiry causing direct 'Financial Injury' to the Plaintiff.

30.     After mentioning that there was no disclosure and that a federal lawsuit would be filed to Marissa Jurgin NMLS#1925423 , Hills Bank and Trust Company  First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002  Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing.  She on behalf of The defendant (Hills Bank and Trust Company) responded that they were going to reverse the hard inquiry and change it back to a soft inquiry. By federal law, they have to either way. As of right now it is on the Equifax credit report and Credit Karma's credit report of the Plaintiff.

31.     NOTICE OF USE OF PRODUCED DOCUMENTS (Electronic written Documentation E-mail correspondence): The Defendant is hereby notified that any and all documents and tangible things produced or delivered to the parties in this matter will be used by Plaintiff in all pre-trial, and post-trial matters regarding this litigation. The Plaintiff is NOT RESPONSIBLE for the actions of the Defendant and the 'preponderance of the evidence' will show this as reflected through the relevant facts/evidence/testimony in the form of EXHIBITS (Document Production, electronically stored information, ELECTRONIC WRITTEN DOCUMENTATION in the form of E-mail correspondence/ witness statements/ and any other

tangible data, for inspection purposes, pursuant to Federal Rules of Civil Procedure. The Plaintiff will seek to SUBPOENA and or have a Subpoena duces tecum brought forth to any and all witnesses with information or testimony relevant to the legal case (primarily **First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 Michelle Zaruba**, Hills Bank and Trust Company Digital Banker- Michelle Durgin NMLS#1925423, and Brad Hart-Banking Analyst (witness based on Complaint who is assisting me on this matter) of the Iowa Division of Banking; pursuant to (Federal Rules of Civil Procedure). Plaintiff has also reached out to Consumer Financial Protection Bureau and the Federal Trade Commission. As of right now, they have received formal complaints, but the process is still ongoing. (Exhibit 1).

32.    The Defendant's actions clearly VIOLATED FEDERAL LAWS and ACTS, and is against standard banking procedure/ protocol and <u>undermines the credibility of the marketplace and realms in which the</u> Defendant (financial institution, HILLS BANK AND TRUST COMPANY) operates and functions in, and clearly shows a WRONGDOING AGAINST the Plaintiff and financial injury to the Plaintiff's credit report and that the plaintiff is allowed to seek FOR DAMAGES AND RELIEF based on the FEDERAL LAWS and ACTS VIOLATED as listed below:

## VI.    GENERAL ALLEGATIONS

### VII.    COUNT I

**Violation of UDAP Section 5(No Subsection–Unfair) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45)**

33.    The Defendant blatantly committed (UDAP) and (UDAAP) <u>violations</u> pursuant to Section 5(a) of the FEDERAL Trade Commission Act (FTC Act) (15 U.S. Code §45) <u>**which**</u>

prohibits **"unfair or deceptive acts or practices in or affecting commerce."** This prohibition applies to all persons engaged in commerce, <u>including banks</u>. The Board has affirmed its authority under Section 8 of the FEDERAL Deposit Insurance Act to take appropriate action when 'unfair or deceptive acts or practices' (UDAP) are discovered.

34.     On March 11, 2004, the Board and the FEDERAL Deposit Insurance Corporation (FDIC) issued a joint statement (Joint Statement) regarding the agencies' responsibilities to enforce the prohibitions against unfair or deceptive trade practices as they apply to state-chartered banks. The Joint Statement contains a discussion of managing risks relating to UDAP and general guidance on measures <u>that state-chartered banks can take to avoid engaging in such acts or practices,</u> including best practices.

35.     Legal Standards: The Joint Statement contained in appendix A of these procedures gives a complete description of the legal standards for both unfair and deceptive practices. The legal standards for unfairness and deception are independent of each other. <u>Depending on the facts, a practice may be unfair, deceptive, or both.</u> The legal standards for UDAP are briefly described below.

36.     Compliance Risk Evaluation: (UDAP) violations can present significant legal, reputational, and compliance risks for banks. These risks highlight the need for examiners to assess compliance with section 5 of the FTC Act in conjunction with consumer compliance examinations, other related supervisory activities, and consumer complaint investigations. Consistent with the Board's risk-focused consumer compliance supervision program, compliance with section 5 of the FTC Act should be considered when developing risk assessments, scoping an examination, or when investigating a consumer complaint. A determination of whether a particular act or practice is unfair or deceptive will depend on an analysis of the facts and circumstances. Although

individual violations or complaints may appear isolated, when considered in the context of additional information including other violations or complaints, they may raise potential (UDAP) concerns.

37.     Furthermore, the prohibition against (UDAP) **not only applies to all products and services offered by banks, but to every stage and activity, from product development to the creation and rollout of marketing campaigns, and to servicing and collections. Therefore, particular focus should be paid to new or modified systems or products and third-party arrangements.** (Sourced PDF file from federalreserve.gov (FTC) Act Section 5: Unfair or Deceptive Acts or Practices)

38.     The Plaintiff as the Consumer is seeking further assistance with the **Unfair or Deceptive Acts or Practices)/ and also if (UDAAP) 'Unfair, Deceptive, or Abusive Acts or Practices'** that were found, and that the problems be addressed and the necessary corrective measures happen, and if need be through authoritative intervention by supervising entities.

39.     The Plaintiff also requests that the **Defendant BE REQUIRED by law to include legible DISCLOSURES ON THEIR WEBSITE (which were NOT MADE PRESENT OR DISCLOSED at the time of the incident)** to be made identifiable to all and every Consumer in state or out of state, as to prevent further occurrences which can cause 'Financial Injury' as happened to the Plaintiff by the Defendant's actions (as clearly shown on the Plaintiff's Credit Report-EXHIBIT 6).

40.     Defendant's 'Unfair' and 'Deceptive' actions ended up negatively affecting the Plaintiff through 'financial injury'. The Plaintiff was treated unfairly, deceived and NOT by a uniform set of standards that would equally govern ALL APPLICANTS and CONSUMERS who might be placed in the same position when seeking the services or products offered by the

Defendant (HILLS BANK AND TRUST COMPANY), and **due to the actions of the Defendant and failing to disclose residency requirements before proceeding with the application and doing the hard inquiry;** the Plaintiff suffered 'financial injury' as a direct result.

41.    **There was NO transparency/disclosures on the website to the Plaintiff/ CONSUMER by the Defendant about residency requirements and this is the reason why this COMPLAINT is being brought forth against them.** The Plaintiff wishes to bring attention the matter as they <u>do not want other unsuspecting consumers to fall victim</u> to the Defendant's UNFAIR and DECEPTIVE PRACTICES that WILL RESULT in an adverse impact to the CONSUMER, as experienced by the Plaintiff on his credit report.

42.    All the Plaintiff wanted, was to be **given the proper DISCLOSURES that would have prevented the parties from even engaging in a commerce and business/client partnership in the first place and <u>preventing a "hard pull" from even occurring</u> because requirements should have been set in stone,** but those disclosures WERE NOT PRESENTED by the Defendant on their financial institution's trade/ commerce platform (EXHIBIT 3) Hills Bank and Trust Company website.) for acquiring business or advertising their products or services <u>https://applynow.hillsbank.com/oao/launch</u> , <u>https://applynow.hillsbank.com/oao/primaryinfo</u> and throughout each page of the checking account application process(EXHIBIT 4)   this is shown to be the case, as the Defendant's lack of transparency to the Plaintiff/ Out of state applicant is very visually apparent by the facts and the evidence (EXHIBITS) being presented by the Plaintiff.

43.    The Defendant's business PRACTICE is DECEPTIVE to the consumer and falls under the label of an "unfair trade practice" as it is a clearly a violation when disclosures are not presented and clearly identifiable giving the potential customer notice that he must be a resident of Iowa. There should have been disclosures, and the fact that the plaintiff was not a resident, the

17

application should have been stopped/ceased immediately before any action was made regarding the credit hard inquiry. Hills Bank and Trust Company failed to act responsibility and only tried to cover up their mess after a lawsuit was mentioned by the plaintiff.

# VIII: Count 2

**Violation of UDAP Section 5(No Subsection–Deceptive) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45).**

44.     The Defendant blatantly committed (UDAP) and (UDAAP) <u>violations</u> pursuant to Section 5(a) of the FEDERAL Trade Commission Act (FTC Act) (15 U.S. Code §45) <u>**which prohibits "unfair or deceptive acts or practices in or affecting commerce.**</u>" This prohibition applies to all persons engaged in commerce, <u>including banks</u>. The Board has affirmed its authority under Section 8 of the FEDERAL Deposit Insurance Act to take appropriate action when 'unfair or deceptive acts or practices' (UDAP) are discovered.

45.     On March 11, 2004, the Board and the FEDERAL Deposit Insurance Corporation (FDIC) issued a joint statement (Joint Statement) regarding the agencies' responsibilities to enforce the prohibitions against unfair or deceptive trade practices as they apply to state-chartered banks. The Joint Statement contains a discussion of managing risks relating to UDAP and general guidance on measures <u>that state-chartered banks can take to avoid engaging in such acts or practices</u>, including best practices.

46.     Legal Standards: The Joint Statement contained in appendix A of these procedures gives a complete description of the legal standards for both unfair and deceptive practices. The legal standards for unfairness and deception are independent of each other.

Depending on the facts, a practice may be unfair, deceptive, or both. The legal standards for UDAP are briefly described below.

47.     Compliance Risk Evaluation: (UDAP) violations can present significant legal, reputational, and compliance risks for banks. These risks highlight the need for examiners to assess compliance with section 5 of the FTC Act in conjunction with consumer compliance examinations, other related supervisory activities, and consumer complaint investigations. Consistent with the Board's risk-focused consumer compliance supervision program, compliance with section 5 of the FTC Act should be considered when developing risk assessments, scoping an examination, or when investigating a consumer complaint. A determination of whether a particular act or practice is unfair or deceptive will depend on an analysis of the facts and circumstances. Although individual violations or complaints may appear isolated, when considered in the context of additional information including other violations or complaints, they may raise potential (UDAP) concerns.

48.     Furthermore, the prohibition against (UDAP) **not only applies to all products and services offered by banks, but to every stage and activity, from product development to the creation and rollout of marketing campaigns, and to servicing and collections. Therefore, particular focus should be paid to new or modified systems or products and third-party arrangements.** (Sourced PDF file from federalreserve.gov (FTC) Act Section 5: Unfair or Deceptive Acts or Practices)

49.     The Plaintiff as the Consumer is seeking further assistance with the **Unfair or Deceptive Acts or Practices)/ and also if (UDAAP) 'Unfair, Deceptive, or Abusive Acts or Practices'** that were found, and that the problems be addressed and the necessary corrective measures happen, and if need be through authoritative intervention by supervising entities.

19

50.     The Plaintiff also requests that the **Defendant** <u>**BE REQUIRED by law to**</u> <u>**include legible DISCLOSURES ON THEIR WEBSITE (which were NOT MADE PRESENT**</u> **OR DISCLOSED at the time of the incident)** to be made identifiable <u>to all and every Consumer</u> <u>in state or out of state</u>, as to prevent further occurrences which can cause 'Financial Injury' as happened to the Plaintiff by the Defendant's actions (as clearly shown on the Plaintiff's Credit Report- EXHIBIT 6).

51.     Defendant's 'Unfair' and 'Deceptive' actions ended up negatively affecting the Plaintiff through 'financial injury'. The Plaintiff was <u>treated unfairly, deceived and NOT by a</u> <u>uniform set of standards that would equally govern ALL APPLICANTS and CONSUMERS</u> who might be placed in the same position when seeking the services or products offered by the Defendant (HILLS BANK AND TRUST COMPANY), and **due to the actions of the Defendant** **and failing to disclose residency requirements before proceeding with the application and** **doing the hard inquiry;** the Plaintiff suffered 'financial injury' as a direct result.

52.     **There was NO transparency/disclosures on the website to the Plaintiff/** **CONSUMER by the Defendant about residency requirements and this is the reason why this** **COMPLAINT is being brought forth against them.** The Plaintiff wishes to bring attention the matter as they <u>do not want other unsuspecting consumers to fall victim</u> to the Defendant's UNFAIR and DECEPTIVE PRACTICES that WILL RESULT in an adverse impact to the CONSUMER, as experienced by the Plaintiff on his credit report.

53.     All the Plaintiff wanted, was to be **given the proper DISCLOSURES that** **would have prevented the parties from even engaging in a commerce and business/client** **partnership in the first place and** <u>**preventing a "hard pull" from even occurring**</u> **because** **requirements should have been set in stone,** but those disclosures WERE NOT PRESENTED

by the Defendant on their financial institution's trade/ commerce platform (EXHIBIT 3) Hills

Bank and Trust Company website.) for acquiring business or advertising their products or services

https://applynow.hillsbank.com/oao/launch , https://applynow.hillsbank.com/oao/primaryinfo and

throughout each page of the checking account application process (Exhibit 4) this is shown to be

the case, as the Defendant's lack of transparency to the Plaintiff/ Consumer is very visually

apparent by the facts and the evidence (EXHIBITS) being presented by the Plaintiff. Federal laws

were violated.

54.     The Defendant's business PRACTICE is DECEPTIVE to the consumer and

falls under the label of an "unfair trade practice" as it is a clearly a violation when disclosures are

not presented and clearly identifiable giving the potential customer notice that he must be a resident

of Iowa. There should have been disclosures, and the fact that the plaintiff was not a resident, the

application should have been stopped/ceased immediately before any action was made regarding

the credit pull. Hills Bank and Trust Company failed to act responsibility and only tried to cover

up their mess after a federal lawsuit was mentioned by the plaintiff.


## IX: Count 3

Violation of Sec. 1031 of the Dodd-Frank Wall Street Reform and Consumer

Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR, DECEPTIVE, OR

ABUSIVE ACTS OR PRACTICES. (12 USC 5531)

**Violation of Sec. 1031 of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES. (12 USC 5531),**

55.  There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website.

56.  The Hills Bank and Trust Company Banker Marissa Durgin NMLS#1925423 <u>could not answer and referred to higher ups in the Hills Bank and Trust Company management</u>. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager , NMLS# 1228002 Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing.

57.  The Defendant <u>responded that they were going to reverse the 'hard inquiry' and change it back to a 'soft inquiry'</u>. By federal law, this should have never

occurred in the first place. As of right now it is on the Equifax credit report and Credit Karma's credit report. It has caused significant 'financial injury' to Plaintiff's credit report and trust in financial institutions. There must be disclosures to prevent this from occurring in the beginning of banking application processes.

58.     Banks need to be transparent about everything in their services and products offered.

59.     The injury is not reasonably avoidable by consumers; -Sec. 1031 of the Dodd-Frank Act. The principles of "unfair" and "deceptive" practices in the Act are similar to those under Sec. 5 of the Federal Trade Commission Act (FTC Act). The Federal Trade Commission (FTC) and federal banking regulators have applied these standards through case law, official policy statements, guidance, examination procedures, and enforcement actions that may inform CFPB.

60.     There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website.

61.     The digital Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank

and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/ savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry. Agreements were even signed. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 **Michelle Zaruba (Higher-level representative of the financial institution, or bank/ The Defendant) quickly responded and tried to cover up their actions and wrongdoing. She didn't mention where the disclosure about residency requirements was** (as reflected through E-mail correspondence in EXHIBIT 2. The Defendant's actions were ILLEGAL and UNLAWFUL. The formal statements made by the Defendant FULLY IMPLICATE the Defendant in their guilt and WRONGDOING against the Plaintiff.

62.     The Defendant responded that they were going **to reverse the hard inquiry** and change it back to a soft inquiry. By federal law, the Defendant must fix this. As of right now it is on the Equifax credit report and Credit Karma's credit report. It has caused significant injury to the Plaintiff's credit report and loss of trust in financial institutions. There must be disclosures to prevent this from occurring in the beginning of banking application processes.

63.     **If the applicant or individual applying is not eligible, then do not run the hard pull.** There is no reason to fix a mess that should not have occurred in the first place and **would not have** if there had been a DISCLOSURE, DISCLOSING important and relevant information to the applicant or consumer applying. **Financial institutions cannot juggle inquiries and go back and forth. It is not only ILLEGAL and UNLAWFUL, it is unethical and irresponsible on the bank's part.** Decisions about inquiries need to be made

correct the first time. The Plaintiff is in CONTACT with and will work with any authoritative intervention overseeing, or investigating this legal matter in the event that other individuals may have been affected in the same way or were subject to the same illegitimate, unfair, and deceptive practices administered by the Defendant.

64.     NO GOOD came as a result of the Defendant's actions (the Actions of Hills Bank and Trust Company.) Mistakes should have never occurred in the beginning. Disclosures must be disclosed early. NOT AFTER A HARD INQUIRY IS DONE and agreements are signed. Financial Injury occurred.

65.     There was NO DISCLOSURE on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account.

66.     Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website. The Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/ savings account deal but failed to

disclose that out of state residents were not eligible and still proceeded with the Hard inquiry and agreements.

67. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 **Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing. The defendant responded that they were going to reverse the hard inquiry and change it back to a soft inquiry. She failed to respond where the disclosure about residency requirements was. As of right now, Hills Bank and Trust Company Inquiry is on the Equifax credit report and Credit Karma's credit report. It has caused significant injury to Plaintiff's credit report and loss of trust in financial institutions.**

68. **There must be disclosures to prevent this from occurring in the beginning of banking application processes. If the person is not eligible do not run the hard pull. There is no reason to fix a mess that should not have occurred. Financial institutions cannot juggle inquiries and go back and forth. It is unethical and irresponsible and ILLEGAL. Decisions about inquiries need to be made correct the first time!**

69. <u>Unfair trade practices are considered unlawful under the Consumer Protection Act</u>. The purpose of the law is to ensure that consumers have the opportunity to make informed, rational decisions about goods and services they purchase.

70. The Defendant FAILED TO DISCLOSE important information to OUT OF STATE residents that would have <u>logically detoured them</u> (as well as the Plaintiff who was from out of state) from seeking the 50/50 checking/savings account and leading to receiving a 'Hard

Inquiry' on Out of State Consumers Credit Report. This caused Financial Injury to the Plaintiff, as he was not made aware that he was ineligible for the account because there were no disclosures on the website at the time of actual submittal of the application, and still the bank proceeded to do hard inquiry on an ineligible person because he was from out of State.

71.     It was ONLY made apparent when the Banker (Marissa Durgin)/First Vice President Digital Branch (Michelle Zaruba) Emailed him back and said he was ineligible. They failed to point to any direction on the website where the disclosure about residency requirements were.

72.     **The lack of disclosure shows the Hills Bank and Trust Company website department was not doing their job correctly and that Hills Bank And Trust Company as a whole violated federal law. There was no disclosure. The Plaintiff has dealt with other different banks, often out of state banks and applied for their services offered AND their systems screen-out NON Residents of that STATE (also referred to as OUT OF STATE) either by disclosures on the main page or by actual preventions in the applications that prevent further progress before any kind of 'hard pull' can occur and for that consumer to receive a definitive 'Hard Inquiry' on their CREDIT REPORT.** Other banks are doing proper procedures by federal law weeding out those that are not eligible for their services. Everything is disclosed about what they seek in applicants. BANK OF UTAH, STATE BANK OF SOUTHERN UTAH are fine examples of correct banks doing their application procedures, according to federal law. (Exhibit 7)

73.     **There are also other banks that deal with outsiders or OUT OF STATE residents. Even though Hills Bank and Trust Company is a community bank, it NEEDS TO TO DISCLOSE who they want and don't want applying for their services ahead of time.** It

is the bank/financial institution's FULL RESPONSIBILITY to not proceed with a application/hard inquiry when they know the potential client is ineligible for the service. In this case it because of residency and location issues and the lack of a disclosure about it. It was **irresponsible and unethical, and illegal** to continue to proceed with their actions without having disclosed this and after the agreements were signed and good to go. The Defendant broke contract with Plaintiff and a hard pull or hard-inquiry was done to the Plaintiff's Credit Report causing direct 'Financial Injury.' The Defendant acknowledged guilt in this situation and their formal statements will be used against them at trial.

74.     The Plaintiff should NOT have to catch defendant on their deceptive and predatory practices. Many people are left impacted due to hard inquires. During Covid times as well as risky financial times, banks need to be extra cautious about disclosures, proceeding with hard pulls, and not proceeding on pulling hard pulls on ineligible applicants. REQUIREMENTS MUST BE SET IN STONE. Think of it like this. You can't juggle between hard pulls and soft pulls. When a hard pull turns back to a soft pull, there is clearly violations occurring federally. People's economic lives are at stake.

75.     This is FLAW and FAULT in the DEFENDANT'S (HILLS BANK AND TRUST COMPANY'S WEBSITE) and they have been made fully aware of these issues as reflected through E-mail correspondence with the HILLS BANK AND TRUST COMPANY First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 Michelle Zaruba. The E-mail RESPONSE (EXHIBIT 2) from HILLS BANK AND TRUST COMPANY First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 MICHELLE Zaruba to the Plaintiff (Travis Rogan Mayfield) clearly showed that the Hills Bank and Trust Company

DID NOT OBJECT TO AND ADMITTED TO THEIR WRONGDOING AND TOOK FAULT
FOR IT. The Defendant ACKNOWLEDGED their guilt.

76.     The screenshots taken and obtained by the Plaintiff show that there were NO
DISCLOSURES ON THE DEFENDANT'S WEBSITE, and NO INDICATION that OUT OF
STATE Residents should NOT apply and WOULD BE DENIED FOR THAT VERY REASON.
The Defendant's 'Open a Free Checking account, get a $50 bonus deposited, earn an additional
$50 with a free savings account* – Hills Bank' as stated on their WEBSITE as shown in (EXHIBIT
3)

77.     To avoid further problems for other, likewise CONSUMERS; the plaintiff
sought to have these violations addressed and with the correct FEDERAL agencies that handled
such subject matter and federal violations and, forwarded further information to these relevant
overseers and supervising entities so that it can be managed and INVESTIGATED. The
Defendant's business practices are "deceptive trade practices", also referred to as "Unfair business
practices." Their advertising is misleading with the lack of a disclosure and illegal.

78.     There was truly a lack of transparency to the CONSUMER/ the Plaintiff, by the
Defendant and as a result of the Defendant's 'Unfair practices' and 'Deceptive practices' and
actions (FAILURE TO DISCLOSE), the Plaintiff suffered significant 'FINANCIAL INJURY' as
shown through the Plaintiff's Credit Report (EXHIBIT 6)

79.     **Unfair Practices:** An act or practice is unfair where it (a) causes or is likely to
cause substantial injury to consumers; (b) cannot be reasonably avoided by consumers; and (c) is
not outweighed by countervailing benefits to consumers or to competition. Public policy, as
established by statute, regulation, or judicial decisions may be considered with all other evidence
in determining whether an act or practice is unfair.

80.     **Deactive Practices:** An act or practice is deceptive where (a) <u>a representation,</u> <u>omission, or practice misleads or is likely to mislead the consumer;</u> (b) a consumer's interpretation of the representation, omission, or practice is considered reasonable under the circumstances; and (c) the misleading representation, omission, or practice is material.

81.     *Relationship of UDAP to Other Laws and Ratings:* Some acts or practices may violate both section 5 of the FTC Act and other federal or state laws. Other acts and practices may violate only the FTC Act while fully complying with other consumer protection laws and regulations.

## X: Count 4

## Violation of SEC. 1032 of the Dodd-Frank Act. DISCLOSURES. (12 USC 5532)

Failure to ensure that the features of any consumer financial product or service, both initially and over the term of the product or service, are fully, accurately, and effectively disclosed to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with the product or service, in light of the facts and circumstances.

82.     **There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the**

Plaintiff was not eligible for the checking/savings account. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website.

83.    The Hills Bank and Trust Company Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager , NMLS# 1228002 Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing.

84.    The Defendant responded that they were going to reverse the 'hard inquiry' and change it back to a 'soft inquiry'. By federal law, this should have never occurred in the first place. As of right now it is on the Equifax credit report and Credit Karma's credit report. It has caused significant 'financial injury' to Plaintiff's credit report and loss of trust in financial institutions. There must be disclosures to prevent this from occurring in the beginning of banking application processes.

85.    If the person is not eligible, do not run the hard inquiry. There is no reason to fix a mess that should not have occurred. Financial institutions CANNOT juggle inquiries and go back and forth. It is unethical and irresponsible, and illegal by federal law. * Decisions about any inquiries need to be made CORRECT the first time.

86.     The injury is not reasonably avoidable by consumers; -**Sec. 1031 of the Dodd-Frank Act.** The principles of "unfair" and "deceptive" practices in the Act are similar to those under Sec. 5 of the Federal Trade Commission Act (FTC Act). The Federal Trade Commission (FTC) and federal banking regulators have applied these standards through case law, official policy statements, guidance, examination procedures, and enforcement actions that may inform CFPB.

87.     **There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin)** NMLS#1925423 **stating that the Plaintiff was not eligible for the checking/savings account. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website.**

88.     **The digital Banker Marissa Durgin** NMLS#1925423 <u>**could not answer and referred to higher ups in the Hills Bank and Trust Company management.**</u> **The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/ savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry. Agreements were even signed. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company** First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 **Michelle Zaruba (**<u>**Higher-level representative** **of the financial institution, or bank/ The Defendant) quickly responded and** <u>**tried to cover up their actions and wrongdoing. She didn't mention where the disclosure about residency requirements**</u>

was (as reflected through E-mail correspondence in (EXHIBIT 2). The Defendant's actions were ILLEGAL and UNLAWFUL. The formal statements made by the Defendant FULLY IMPLICATE the Defendant in their guilt and WRONGDOING against the Plaintiff.

89.     The Defendant responded that they were going to reverse the hard inquiry and change it back to a soft inquiry. By federal law, the Defendant must fix this. As of right now it is on the Equifax credit report and Credit Karma's credit report. It has caused significant injury to the Plaintiff's credit report and loss of trust in financial institutions. There must be disclosures to prevent this from occurring in the beginning of banking application processes. Federal laws must be adhered to.

90.     If the applicant or individual applying is not eligible, then do not run the hard pull. There is no reason to fix a mess that should not have occurred in the first place and would not have if there had been a DISCLOSURE, DISCLOSING important and relevant information to the applicant or consumer applying. Financial institutions cannot juggle inquiries and go back and forth. It is not only ILLEGAL and UNLAWFUL, it is unethical and irresponsible on the bank's part. Decisions about inquiries need to be made correct the first time. The Plaintiff is in CONTACT with and will work with any authoritative intervention overseeing, or investigating this legal matter in the event that other individuals may have been affected in the same way or were subject to the same illegitimate, unfair, and deceptive practices administered by the Defendant.

91.     NO GOOD came as a result of the Defendant's actions (the actions of Hills Bank and Trust Company.) Mistakes should have never occurred in the beginning.

Disclosures must be disclosed early. NOT AFTER A HARD INQUIRY IS DONE and agreements are signed. Financial Injury occurred.

92.    There was NO DISCLOSURE on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account.

93.    Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website. The Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/ savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry and agreements.

94.    After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing.  The defendant responded that they were going to reverse the hard inquiry and change it back to a soft inquiry. She failed to respond where the disclosure about residency requirements was. As of right now, Hills Bank and Trust

Company Inquiry is on the Equifax credit report and Credit Karma's credit report. It has caused significant injury to Plaintiff's credit report and loss of trust in financial institutions.

95.     There must be disclosures to prevent this from occurring in the beginning of banking application processes. If the person is not eligible do not run the hard pull. There is no reason to fix a mess that should not have occurred. Financial institutions can not juggle inquiries and go back and forth. It is unethical and irresponsible and ILLEGAL. Decisions about inquiries need to be made correct the first time!

96.     Unfair trade practices are considered unlawful under the Consumer Protection Act. The purpose of the law is to ensure that consumers have the opportunity to make informed, rational decisions about goods and services they purchase.

97.     The Defendant FAILED TO DISCLOSE important information to OUT OF STATE residents that would have logically detoured them (as well as the Plaintiff who was from out of state) from seeking the 50/50 checking/savings account and leading to receiving a 'Hard Inquiry' on Out of State Consumers Credit Report. This caused Financial Injury to the Plaintiff, as he was not made aware that he was ineligible for the account because there were no disclosures on the website at the time of actual submittal of the application, and still the bank proceeded to do hard inquiry on an ineligible person because he was from out of State.

98.     It was ONLY made apparent when the Bankers (Marissa Durgin)/ First Vice President Digital Branch (Michelle Zaruba) Emailed him back and said he was ineligible. They failed to point to any direction on the website where the disclosure about residency requirements were.

99. The lack of disclosure shows the Hills Bank and Trust Company website department was not doing their job correctly and violated federal laws. There was no disclosure. The Plaintiff has dealt with other different banks, often out of state banks and applied for their services offered AND their systems screen-out NON Residents of that STATE (also referred to as OUT OF STATE) either by disclosures on the main page or by actual preventions in the applications that prevent further progress before any kind of 'hard pull' can occur and for that consumer to receive a definitive 'Hard Inquiry' on their CREDIT REPORT. BANK OF UTAH, STATE BANK OF SOUTHERN UTAH are fine examples of correct banks doing their application procedures, according to federal law. (Exhibit 7)

100. There are also other banks that deal with outsiders or OUT OF STATE residents. Even though Hills Bank and Trust Company is a community bank, it NEEDS TO TO DISCLOSE who they want and don't want applying for their services ahead of time. It is the bank/financial institution's FULL RESPONSIBILITY to not proceed with a application/hard inquiry when they know the potential client is ineligible for the service. In this case it because of residency and location issues and the lack of a disclosure about it. It was irresponsible and unethical, and illegal to continue to proceed with their actions without having disclosed this and after the agreements were signed and good to go. The Defendant broke contract with Plaintiff and a hard pull or hard-inquiry was done to the Plaintiff's Credit Report causing direct 'Financial Injury.' The Defendant acknowledged guilt in this situation and their formal statements will be used against them at trial.

101. The Plaintiff should NOT have to catch defendant on their deceptive and predatory practices. Many people are left impacted due to hard inquires. During Covid

times as well as risky financial times, banks need to be extra cautious about disclosures, proceeding with hard pulls, and not proceeding on pulling hard pulls on ineligible applicants. REQUIREMENTS MUST BE SET IN STONE. Think of it like this. You can't juggle between hard pulls and soft pulls. When a hard pull turns back to a soft pull, there is clearly a violation occurring federally. People's economic lives are at stake.

102.     This is FLAW and FAULT in the DEFENDANT'S (HILLS BANK AND TRUST Company's WEBSITE) and they have been made fully aware of these issues as reflected through E-mail correspondence with the HILLS BANK AND TRUST COMPANY First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 MICHELLE Zaruba. The E-mail RESPONSE (EXHIBIT 2) from HILLS BANK AND TRUST COMPANY First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 MICHELLE Zaruba to the Plaintiff (Travis Rogan Mayfield) clearly showed that the DEFENDANT DID NOT OBJECT TO AND ADMITTED TO THEIR WRONGDOING AND TOOK FAULT FOR IT. The Defendant ACKNOWLEDGED their guilt.

103.     The screenshots taken and obtained by the Plaintiff show that there were NO DISCLOSURES ON THE DEFENDANT'S WEBSITE, and NO INDICATION that OUT OF STATE Residents should NOT apply and WOULD BE DENIED FOR THAT VERY REASON. The Defendant's 'Open a Free Checking account, get a $50 bonus deposited, earn an additional $50 with a free savings account* – Hills Bank' as stated on their WEBSITE as shown in (EXHIBIT 3)

104.     To avoid further problems for other, likewise CONSUMERS; the plaintiff wishes to have these violations addressed and with the correct FEDERAL agencies that handle

such subject matter and discrepancies and, forward further information to these relevant overseers and supervising entities so that it can be managed and INVESTIGATED. The Defendant's business practices are "deceptive trade practices", also referred to as "Unfair business practices." Their advertising is misleading with the lack of a disclosure and illegal.

105.    There was truly a lack of transparency to the CONSUMER/ the Plaintiff, by the Defendant and as a result of the Defendant's 'Unfair practices' and 'Deceptive practices' and actions (FAILURE TO DISCLOSE), the Plaintiff suffered significant 'FINANCIAL INJURY' as shown through the Plaintiff's Credit Report (EXHIBIT 6)

106.    **Unfair Practices**: An act or practice is unfair where it (a) causes or is likely to cause substantial injury to consumers; (b) cannot be reasonably avoided by consumers; and (c) is not outweighed by countervailing benefits to consumers or to competition. Public policy, as established by statute, regulation, or judicial decisions may be considered with all other evidence in determining whether an act or practice is unfair.

107.    **Deceptive Practices**: An act or practice is deceptive where (a) a representation, omission, or practice misleads or is likely to mislead the consumer; (b) a consumer's interpretation of the representation, omission, or practice is considered reasonable under the circumstances; and (c) the misleading representation, omission, or practice is material.

108.    *Relationship of UDAP to Other Laws and Ratings*: Some acts or practices may violate both section 5 of the FTC Act and other federal or state laws. Other acts and practices may violate only the FTC Act while fully complying with other consumer protection laws and regulations.

# XI: Count 5

**violation of Dodd-Frank Act- Sec. 1036.PROHIBITED ACTS.; PL 111-203**

**(July 21, 2010) (12 USC 5536.)**

It shall be unlawful for—
(1) any covered person or service provider—
(A)
to offer or provide to a consumer any financial product or service not in conformity with Federal consumer financial law, or otherwise commit any act or omission in violation of a Federal consumer financial law; or
(B)
to engage in any unfair, deceptive, or abusive act or practice;

109.    **Dodd-Frank Act, Title X, Subtitle C, Sec. 1036; PL 111-203 (July 21, 2010)**

Unfair Acts or Practices The standard for unfairness in the Dodd-Frank Act is that an act or practice

is unfair when: (1) It causes or is likely to cause substantial injury to consumers; - **Dodd-Frank**

**Act, Title X, Subtitle C, Sec. 1036; PL 111-203 (July 21, 2010).**

**SEC. 1036. PROHIBITED ACTS.**

**a) IN GENERAL.—It shall be unlawful for—**

**(1) any covered person or service provider—**

**A) to offer or provide to a consumer any financial product or service not in conformity with Federal consumer financial law, or otherwise commit any act or omission in violation of a Federal consumer financial law; or (B) to engage in any unfair, deceptive, or abusive act or practice (12 USC 5536.)**

110.    There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website.

111.    The Hills Bank and Trust Company Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager , NMLS# 1228002 Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing.

112.    The Defendant responded that they were going to reverse the 'hard inquiry' and change it back to a 'soft inquiry'. By federal law, this should have never occurred in the first place. As of right now it is on the Equifax credit report and Credit Karma's credit report. It has caused significant 'financial injury' to Plaintiff's credit report

and loss of trust in financial institutions. There must be disclosures to prevent this from occurring in the beginning of banking application processes.

113.     If the person is not eligible do not run the hard inquiry. There is no reason to fix a mess that should not have occurred. Financial institutions CANNOT juggle inquiries and go back and forth. It is unethical and irresponsible, and illegal. * Decisions about any inquiries need to be made CORRECT the first time.

114.     The injury is not reasonably avoidable by consumers; -Sec. 1031 of the Dodd-Frank Act. The principles of "unfair" and "deceptive" practices in the Act are similar to those under Sec. 5 of the Federal Trade Commission Act (FTC Act). The Federal Trade Commission (FTC) and federal banking regulators have applied these standards through case law, official policy statements, guidance, examination procedures, and enforcement actions that may inform CFPB.

115.     There was no disclosure on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website.

116.     The digital Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their

50/50 checking/ savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry. Agreements were even signed. After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 Michelle Zaruba (Higher-level representative of the financial institution, or bank/ The Defendant) quickly responded and tried to cover up their actions and wrongdoing. She didn't mention where the disclosure about residency requirements was (as reflected through E-mail correspondence in EXHIBIT 2. The Defendant's actions were ILLEGAL and UNLAWFUL. The formal statements made by the Defendant FULLY IMPLICATE the Defendant in their guilt and WRONGDOING against the Plaintiff.

117.    The Defendant responded that they were going to reverse the hard inquiry and change it back to a soft inquiry. By federal law, the Defendant must fix this. As of right now it is on the Equifax credit report and Credit Karma's credit report. It has caused significant injury to the Plaintiff's credit report and loss of trust in financial institutions. There must be disclosures to prevent this from occurring in the beginning of banking application processes.

118.    If the applicant or individual applying is not eligible, then do not run the hard pull. There is no reason to fix a mess that should not have occurred in the first place and would not have if there had been a DISCLOSURE, DISCLOSING important and relevant information to the applicant or consumer applying. Financial institutions cannot juggle inquiries and go back and forth. It is not only ILLEGAL and UNLAWFUL, it is unethical and irresponsible on the bank's part. Decisions about inquiries need to be made correct the first time. The Plaintiff is in CONTACT with and will work with any

authoritative intervention overseeing, or investigating this legal matter in the event that other individuals may have been affected in the same way or were subject to the same illegitimate, unfair, and deceptive practices administered by the Defendant.

119. NO GOOD came as a result of the Defendant's actions (the actions of Hills Bank and Trust Company.) Mistakes should have never occurred in the beginning. Disclosures must be disclosed early. NOT AFTER A HARD INQUIRY IS DONE and agreements are signed. Financial Injury occurred. (Exhibit 6)

120. There was NO DISCLOSURE on the Hills Bank and Trust Company website saying out of state residents could not apply. It was not highlighted bolded, or identifiable in anyway on that website/checking application. The requirements/eligibility regarding residency were not mentioned. It was only after application was successfully processed, agreements were signed, and a hard pull was made that there was an email from a Hills Bank and Trust Company digital banker (Marissa Durgin) NMLS#1925423 stating that the Plaintiff was not eligible for the checking/savings account.

121. Plaintiff questioned as to where it was it specifically mentioned about the residency requirement disclosures on the website. The Banker Marissa Durgin NMLS#1925423 could not answer and referred to higher ups in the Hills Bank and Trust Company management. The Hills Bank and Trust Company were deceptive, used predatory methods to entice customers with their 50/50 checking/ savings account deal but failed to disclose that out of state residents were not eligible and still proceeded with the Hard inquiry and agreements.

122. **After mentioning that there was no disclosure and that a federal lawsuit would be filed, Hills Bank and Trust Company** First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 **Michelle Zaruba quickly responded and tried to cover up their actions and wrongdoing. The defendant responded that they were going to reverse the hard inquiry and change it back to a soft inquiry. She failed to respond where the disclosure about residency requirements was. As of right now , Hills Bank and Trust Company Inquiry is on the Equifax credit report and Credit Karma's credit report. It has caused significant injury to Plaintiff's credit report and loss of trust in financial institutions.**

123. **There must be disclosures to prevent this from occurring in the beginning of banking application processes. If the person is not eligible do not run the hard pull. There is no reason to fix a mess that should not have occurred. Financial institutions can not juggle inquiries and go back and forth. It is unethical and irresponsible and ILLEGAL. Decisions about inquiries need to be made correct the first time.**

124. <u>Unfair trade practices are considered unlawful under the Consumer Protection Act</u>. The purpose of the law is to ensure that consumers have the opportunity to make informed, rational decisions about goods and services they purchase.

125. The Defendant FAILED TO DISCLOSE important information to OUT OF STATE residents that would have <u>logically detoured them</u> (as well as the Plaintiff who was from out of state) from seeking the 50/50 checking/savings account and leading to receiving a 'Hard Inquiry' on Out of State Consumers Credit Report. This caused Financial Injury to the Plaintiff, as he was not made aware that he was ineligible for the account because there were no disclosures on

the website at the time of actual submittal of the application, and still the bank proceeded to do hard inquiry on an ineligible person because he was from out of State.

126.   It was ONLY made apparent when the Bankers (Marissa Durgin)/Vice President Digital Branch (Michelle Zaruba) Emailed him back and said he was ineligible. They failed to point to any direction on the website where the disclosure about residency requirements were.

127.   **The lack of disclosure shows the Hills Bank and Trust Company website department was not doing their job correctly and violated federal laws. There was no disclosure. The Plaintiff has dealt with other different banks, often out of state banks and applied for their services offered AND their systems screen-out NON Residents of that STATE (also referred to as OUT OF STATE) either by disclosures on the main page or by actual preventions in the applications that prevent further progress before any kind of 'hard pull' can occur and for that consumer to receive a definitive 'Hard Inquiry' on their CREDIT REPORT.** BANK OF UTAH, STATE BANK OF SOUTHERN UTAH are fine examples of correct banks doing their application procedures, according to federal law. (EXHIBIT 7)

128.   **There are also other banks that deal with outsiders or OUT OF STATE residents. Even though Hills Bank and Trust Company is a community bank, it NEEDS TO TO DISCLOSE who they want and don't want applying for their services ahead of time. It is the bank/financial institution's FULL RESPONSIBILITY to not proceed with a application/hard inquiry when they know the potential client is ineligible for the service. In this case it because of residency and location issues and the lack of a disclosure about it. It was irresponsible and unethical, and illegal to continue to proceed with their actions without**

having disclosed this and after the agreements were signed and good to go. The Defendant broke contract with Plaintiff and a hard pull or hard-inquiry was done to the Plaintiff's Credit Report causing direct 'Financial Injury.' The Defendant acknowledged guilt in this situation and their formal statements will be used against them at trial.

129. The Plaintiff should NOT have to catch defendant on their deceptive and predatory practices. Many people are left impacted due to hard inquires. During Covid times as well as risky financial times, banks need to be extra cautious about disclosures, proceeding with hard pulls, and not proceeding on pulling hard pulls on ineligible applicants. REQUIREMENTS MUST BE SET IN STONE. Think of it like this. You can't juggle between hard pulls and soft pulls. When a hard pull turns back to a soft pull, there is clearly violations occurring federally. People's economic lives are at stake.

130. This is FLAW and FAULT in the DEFENDANT'S (HILLS BANK AND TRUST'S) WEBSITE) and they have been made fully aware of these issues as reflected through E-mail correspondence with the HILLS BANK AND TRUST COMPANY First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 MICHELLE Zaruba. The E-mail RESPONSE (EXHIBIT 2) from HILLS BANK AND TRUST COMPANY First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 MICHELLE Zaruba to the Plaintiff (Travis Rogan Mayfield) clearly showed that the DEFENDANT DID NOT OBJECT TO AND ADMITTED TO THEIR WRONGDOING AND TOOK FAULT FOR IT. The Defendant ACKNOWLEDGED their guilt.

131. The screenshots taken and obtained by the Plaintiff show that there were NO DISCLOSURES ON THE DEFENDANT'S WEBSITE, and NO INDICATION that OUT OF

STATE Residents should NOT apply and WOULD BE DENIED FOR THAT VERY REASON. The Defendant's 'Open a Free Checking account, get a $50 bonus deposited, earn an additional $50 with a free savings account* – Hills Bank' as stated on their WEBSITE as shown in (EXHIBIT 3)

132.    To avoid further problems for other, likewise CONSUMERS; the plaintiff wishes to have these violations addressed and with the correct FEDERAL agencies that handle such <u>subject matter and discrepancies</u> and, forward further information to these relevant overseers and supervising entities so that it can be managed and INVESTIGATED. The Defendant's business practices are "deceptive trade practices", also referred to as "Unfair business practices." Their advertising is misleading with the lack of a disclosure and illegal.

133.    There was truly a lack of transparency to the CONSUMER/ the Plaintiff, by the Defendant and as a result of the Defendant's 'Unfair practices' and 'Deceptive practices' and actions (FAILURE TO DISCLOSE), the Plaintiff suffered significant 'FINANCIAL INJURY' as shown through the Plaintiff's Credit Report (EXHIBIT 6)

134.    **Unfair Practices**: An act or practice is unfair where it (a) causes or is likely to cause substantial injury to consumers; (b) cannot be reasonably avoided by consumers; and (c) is not outweighed by countervailing benefits to consumers or to competition. Public policy, as established by statute, regulation, or judicial decisions may be considered with all other evidence in determining whether an act or practice is unfair.

135.    **Deceptive Practices**: An act or practice is deceptive where (a) <u>a representation, omission, or practice misleads or is likely to mislead the consumer;</u> (b) a consumer's interpretation of the representation, omission, or practice is considered reasonable under the circumstances; and (c) the misleading representation, omission, or practice is material.

47

136.    *Relationship of UDAP to Other Laws and Ratings*: Some acts or practices may violate both section 5 of the FTC Act and other federal or state laws. Other acts and practices may violate only the FTC Act while fully complying with other consumer protection laws and regulations.

## XII: Count 6

**Violation of the The Truth in Savings Act** (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.3,

The Truth in Savings Act

TISA 1030.3

The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.3, requires a financial institution to make disclosures required by §§ 1030.4 through 1030.6 of this part, as applicable, clearly and conspicuously, in writing, and in a form the consumer may keep. The disclosures should also meet the requirements of § 1030.3(b) through (f) regarding the terms of the legal
obligation; responding to oral inquiries; and the rounding and accuracy rules for rates and yields. Disclosures required by, and provided in accordance with, the Electronic Funds Transfer Act and its implementing Regulation E, that are also required by this part may be substituted for the disclosures required by this part.

**There was no disclosure about residency requirements by defendant Hills Bank and Trust Company. The application process proceeded. Agreements were signed by plaintiff and Defendant. Hard inquiry was done on ineligible individual that shouldn't have occurred at all had there been a disclosure.**

## XIII: Count 7

Violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.4(a) and (b)

TISA 1030.4(a)-(b)

The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. §
1030.4(a) and (b), requires a financial institution to provide account disclosures to a consumer before an account is opened or a service provided, whichever is earlier, and to provide account disclosures to a consumer upon request. The account disclosures must contain the information required by § 1030.4(b).

**The financial institution Hills Bank and Trust Company failed to disclose about deposit accounts' residency requirements before account was even opened and service was provided. Agreements were signed, hard inquiry occurred, but then after everything was done Hills Bank and Trust Company Digital Banker NMLS#1925423 Marissa Durgin and First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 Michelle Zaruba emailed back that there was a location/ residency requirement. <u>Well put it on the website rather then go through this entire process and waste customers time and commit</u> FEDERAL VIOLATIONS.**

## XIV: Count 8

violation of The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.8(a)

TISA 1030.8(a)

The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. §
1030.8(a), prohibits a financial institution from advertising in a way that is misleading or

inaccurate, or that

misrepresents an institution's deposit contract. An institution's advertisements cannot refer to, or describe, an account as "free" or "no cost" (or contain a similar term), if any maintenance activity fee may be imposed on the account, or use the word "profit" in referring to interest paid on an account.

**The violation occurred because Hills Bank and Trust Company did not put a disclosure which on their main page or through any of the application process. The advertisement was very misleading. Had they put the disclosure the advertisement would have catered correctly to solely in state residents of the state of Iowa. They dropped the ball on their advertising when they failed to put a disclosure on their website about the deposit account requirements.**

The Defendant HILLS BANK and TRUST COMPANY FAILED TO DISCLOSE

INFORMATION on their website (EXHBIT 3) that had a negative and adverse impact on the

Plaintiff, who was also the CONSUMER seeking the financial services offered by the Defendant

(Checking Account/Savings Account offered through HILLS BANK and TRUST COMPANY).

The Plaintiff was MISLEAD and DECEIVED by the actions of the Defendant and as a direct

result of the violations blatantly committed by the Defendant (Hills Bank and Trust Company),

the Plaintiff suffered FINANCIAL INJURY as a result because of it. The Defendant FAILED in

being transparent with the consumer by NOT DISCLOSING IMPORTANT INFORMATION

that could have further avoided wrongdoing or negative effect for the PLAINTIFF and out of

state applicants. The Defendant DID NOT PUT ON THEIR WEBSITE that out of STATE

APPLICANTS SHOULD NOT apply as they will be DENIED services and their application will

NOT BE APPROVED. The Plaintiff observed that through experiences with other banks

application processes/ procedures (EXHIBIT 7), banks have the ability to screen out or prevent

any applicants that may not fit correct requirements needed to obtain the financial services

offered, and to keep them from having a NEGATIVE or <u>ADVERSE IMPACT</u> on the Consumer/ applicant (derogatory marks on their Credit Report, denials and hard inquiries, delinquencies, and other negative reasons that may lower the quality of a person's life through <u>financial injury</u>). The Plaintiff suffered and as a result of the 'Unfair' and 'Deceptive' actions of the Defendant. The advertising was misleading and the lack of a disclosure when added together make for federal violations. Plaintiff sought Defendant's business relationship on August 23rd 2021. On the morning of August 24th, 2021, First Vice President, Branch Manager / Digital Banking Manager ,NMLS# 1228002 (Michelle Zaruba ) sent an E-mail to the Plaintiff (as shown in EXHIBIT 2) which clearly shows indisputable EVIDENCE that the Defendant was definitively admitting to their WRONGDOING AGAINST the Plaintiff and AN ADMISSION OF THEIR FAULT AND GUILT WAS STATED to the Plaintiff. The Plaintiff in turn explained through E-mail (EXHIBIT 2), that the federal WRONGDOING had been committed already and that the DAMAGE had been done and that there would be LEGAL ACTION taken against Hills Bank and Trust Company. The Plaintiff also told the Defendant that measures had been taken to address the ongoing matter with the correct Administrative Services for further INVESTIGATION. This matter regarding the defendant (Hills Bank and Trust Company) and Plaintiff (Travis Rogan Mayfield) has been referred to Brad Hart, a Banking Analyst with the Iowa Division of Banking office) as well as the Consumer Financial Protection Bureau, and Federal Trade Commission.  (EXHIBIT 1, EXHIBIT 2)

## XV.    NATURE OF THE ACTION

This is an action against Defendant pursuant to the **Violation of** UDAP Section 5(No Subsection–Unfair) Section 5 of the Federal Trade Commission Act of 1914 (15 U.S.C. § 45),

Violation of UDAP Section 5(No Subsection–Deceptive) Section 5 of the Federal Trade

Commission Act of 1914 (15 U.S.C. § 45). **Violation of Sec. 1031** of the Dodd-Frank Wall

Street Reform and Consumer Protection Act (Dodd-Frank Act). PROHIBITING UNFAIR,

DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES. (12 USC 5531)  SEC. 1032 of the Dodd-

Frank Act. DISCLOSURES. (12 USC 5532), **violation of Dodd-Frank Act- Sec.**

**1036.**PROHIBITED ACTS.; **PL 111-203 (July 21, 2010)** (12 USC 5536.), **violation of the The**

**Truth in Savings Act** (12 U.S.C. § 4301 et seq.), as implemented by Regulation DD, 12 C.F.R.

§ 1030.3, Violation of  The Truth in Savings Act (12 U.S.C. § 4301 et seq.), as implemented by

Regulation DD, 12 C.F.R. § 1030.4(a) and (b) , violation of The Truth in Savings Act (12 U.S.C.

§ 4301 et seq.), as implemented by Regulation DD, 12 C.F.R. § 1030.8(a)


## XVI    EXHAUSTION OF ADMINISTRATIVE REMEDIES

On August 24, 2021, the Plaintiff filed a formal complaint with the (IOWA DIVISION OF

BANKING Brad Hart-Banking Analyst of that division), a formal complaint with Consumer

Finance Protection Bureau, and the Federal Trade Commission. As of 9/7/2021, Information is

being provided to the Iowa Division of Banking through Brad Hart to further the complaint under

their jurisdiction as well. As of right now the CFPB are still looking into what federal division will

address this matter. The process is still pending. See ALL EXHIBITS (Exhibits 1-8) information.

The Exhaustion of administrative remedies is ongoing in this case and more information may be

added or amended in as this matter continues.

## XVII. DAMAGES AND RELIEF

137.    Plaintiff (Travis R. Mayfield) seeks general damages, compensatory damages, and

punitive damages; and relief pursuant to Federal Rules of Civil Procedure; seeks compensatory

damages in the amount of $600,000,000.00 U.S. Dollars. Spelled out as 'SIX HUNDRED MILLION DOLLARS (USD)' against the Defendant (HILLS BANK AND TRUST COMPANY). BANKS need to be held accountable for illegal, unlawful actions and this sets a public example for all of them to not commit such actions. Plaintiff has substantial evidence against the Defendant thus further backing reason for bringing this 'cause of action' within the Original COMPLAINT and that it violated the various FEDERAL STATUTES / LAWS mentioned in the Original Complaint.

138.    The Plaintiff seeks to incorporate 'punitive damages' into the *damages* being sought; to ensure that <u>the Defendant DOES NOT ever commit these actions again</u>.

139.    If you FAIL TO RESPOND, judgment by DEFAULT will be entered against you for the relief demanded in the complaint pursuant **to FRCP Rules and <u>in direct conjunction with FRCP rules regarding Default; Default Judgment</u>.** You also must file your answer or motion with correct court handling the legal matter. Plaintiff will NOT compensate you, THE DEFENDANT for attorney fees or any fees regarding this federal lawsuit between Plaintiff (Travis Rogan Mayfield) and Defendant (Hills Bank and Trust Company). The PLAINTIFF/ Consumer has a right to recover more damages for the level of inconvenience and Federal VIOLATIONS that were committed against them by the DEFENDANT. The Plaintiff is NOT RESPONSIBLE for the actions of the Defendant and the 'preponderance of the evidence' will show this as reflected through the relevant facts/evidence/testimony in the form of EXHIBITS (Document Production, electronically stored information, ELECTRONIC WRITTEN DOCUMENTATION in the form of E-mail correspondence/ witness statements/ and any other tangible data, for inspection purposes, pursuant to (Federal Rules of Civil Procedure.)

Conditions Precedent:

## XVIII. JURY DEMAND

140.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee waiver form based on his income level being at 0.

141.     Plaintiff Requests a court reporter be required in all aspects of the case proceedings for public record. Transcripts of entire proceeding must be made public.

## XIX.  PRAYER

142.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgement against Defendant for:

143.     All Damages and Relief to which Plaintiff may be entitled pursuant to this Original Complaint. Plaintiff is seeking $600,000,000.00 U.S. Dollars. In written form: SIX HUNDRED MILLION DOLLARS (USD)' and in reference to the material below.

a.   , or any amendments thereto.

b.   The Plaintiff suffered an adverse impact to their Credit Report as a result of the 'Unfair' and 'Deceptive' practices and actions by the Defendant for 'Failure to Disclose' important and relevant information that would have presented more 'adequate transparency to the out of state consumer and to the plaintiff who is from out of state' in the initial application phase, when making important decisions and choices 'that can have a negative, adverse impact and long-lasting effect on their credit Report/ profile or record if not presented with

all relevant information'; **PLAINTIFF WILL NOT be ordered to cover the costs of any of the Defendant's legal fees, Attorney's fees or any other fees, jury fees, personal out-of-pocket costs that may be and that are associated with this legal matter.**

c.  **Federal violations occurred by defendant. Plaintiff will not be held responsible for any fees based on defendant's wrongdoing.**

Respectfully submitted this 20th day of September, 2021.

_____(sign with pen)
TRAVIS MAYFIELD, Plaintiff; PRO SE
201 Rabern Court, Apt. 2226
Belton, TX 76513
Telephone No.: (703) 944-5267
travismayfield@yahoo.com

| TRAVIS MAYFIELD, et al., | § CIVIL ACTION NO.: |
|---|---|
| Plaintiff, Pro Se | § |
| | § |
| v. | § |
| | § |
| HILLS BANK and TRUST COMPANY | § JURY DEMAND |
| Defendant, | § |

---

## VERIFICATION

---

**STATE OF TEXAS**

**COUNTY OF McLennan** (United States District Court for the Western District of Texas-Waco)

NOW COMES, Travis Rogan Mayfield, the Plaintiff, being first duly sworn according to law, and deposes and states that he has read Plaintiff's Verified Complaint for PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND in the above-styled civil action, and that all facts and statements contained therein are true and correct to the best of his person knowledge and based solely on facts and substantial evidence of the legal case.

Travis Rogan Mayfield

Sworn to and subscribed before me This _____ day of September, 2021.

_____

NOTARY PUBLIC

My commission expires:_____

(SEAL)